MATTHEW D. CAPLAN (SBN 260388)
matthew.caplan@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
MACY'S, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH WEST, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>MACY'S INC., et al.,<br><br>             Defendants. | CASE NO.  CV 12-07728 GHK(RZx)<br><br>**DISCOVERY MATTER**<br><br>*[Referred to the Hon. Ralph Zarefsky]*<br><br>~~**[PROPOSED]**~~ **PROTECTIVE ORDER** |

## NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1.    **STATEMENT OF GOOD CAUSE:** This action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* The Parties, who are variously manufacturers and vendors of textile designs and apparel retailers, are direct and/or indirect competitors of each other. A primary element of this case is related to plaintiff's claim that because of defendants' alleged wrongful acts, plaintiff has lost substantial business relating to its copyrighted designs. The Parties therefore recognize that extensive discovery requesting information from the Parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove plaintiff's claims and defendants' defenses thereto.  There will also potentially be multiple depositions of the Parties' employees or agents and third party vendors, customers or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The Parties, as competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other Parties and/or the public at large. This Order is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of Party information, as well as information needed from third parties, including most importantly the Parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.      In connection with discovery and the trial of this action, the Parties may designate certain documents and testimony, or other information derived therefrom, as "Confidential" under the terms of this Order.

3.      "Confidential" information is information which has not been made public and which concerns or relates to the Parties' business practices and falls within Federal Rule of Civil Procedure 26(c)(1)(G), including within the following categories: material protected under the Uniform Trade Secrets Act, California Civil Code section 3426, *et seq.*, in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons, who can obtain economic value from its disclosures or use; information that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; material that is regarded by a Party as being confidential, private, or proprietary in nature, customer lists, confidential financial information of the Parties (including but not limited to profit margins, sales data, profits, and retail sales information); vendor lists; order summaries; confidential contracts; proprietary fabric/style specifications; documents describing concepts, ideas, proposals, designs, inventions, devices, methods of manufacturing, techniques, development processes, marketing programs, and trade secrets; and customer-confidential information, agreements or relationships with non-parties designated as confidential between the parties to such agreements.

4.      A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

5.      By designating a document, testimony or other information derived therefrom as Protected Material labeled "Confidential" under the terms of this Order, the Parties are certifying that there is a good faith basis both in law and in

fact for the designation.  Such "Confidential" materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the party producing Protected Material ("Producing Party") affix the  legend "Confidential" on each page that contains protected material, or prominently on each electronic media that contains protected material.

(b)     for testimony given in deposition or in other pretrial proceedings, testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at the deposition or other proceeding.  Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

(c)     for information produced in any other form, including any tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

7.     Information or material produced which is designated as "Confidential" may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a.  in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.  experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking, in the form of Exhibit A hereto, confirming that they have reviewed and agree to be bound by the terms of this Order;

    c.  court reporter(s) employed in this action;

    d.  a witness at any proceeding in this action; and,

    e.  any other person as to whom the Disclosing Party agrees in writing.

8.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

9.     In the event that any Protected Material is used in any proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use; however, this Paragraph does not apply where the Protected Material appears in the public record.

10.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  If any Protected Material are to be filed with the Court, such papers shall be accompanied by an application to file the papers, or the confidential portions thereof, under seal.  The application

1   must show good cause for the under seal filing.  The application shall be directed to

2   the judge to whom the papers are directed.  Pending the ruling on the application,

3   the papers or portions thereof subject to the sealing application shall be lodged

4   under seal.  A Party that seeks to file under seal any Protected Material must

5   comply with Local Rule 79-5 and this Court's published procedures requiring an

6   application to the Court for an order to seal documents.

7          11.    This Stipulation is entered solely for the purpose of facilitating the

8   exchange of documents and information between the Parties to this action without

9   involving the Court unnecessarily in the process.  Nothing in this Stipulation nor

10  the production of any information or document under the terms of this Stipulation

11  nor any proceedings pursuant to this Stipulation shall be deemed to have the effect

12  of an admission or waiver by any party or of altering the confidentiality or non-

13  confidentiality of any such document or information or altering any existing

14  obligation of any party or the absence thereof.  Neither the stipulation nor its

15  contents, nor designation of a document as "Confidential", nor any party's

16  objection or failure to object to such a designation is admissible as evidence for the

17  purpose of proving or disproving any matter at issue in the litigation.   Further, the

18  Parties agree that the "Confidential" designations provided on documents for

19  purposes of production under this Order are not admissible for any purpose.  In

20  addition, the parties agree that the "Confidential" designations added pursuant to

21  this Order shall not appear on any trial exhibit or any other document shown to the

22  jury.

23         12.    Inadvertent production of privileged material, or the inadvertent failure

24  to designation material as "Confidential", does not waive the privileged or

25  confidential status of the document or information.

26         13.    If timely corrected, an inadvertent failure to designate qualified

27  information or items as "Confidential" does not, standing alone, waive the

28  Designating Party's right to secure protection under this Order for such material.  If

DLA PIPER LLP (US)
LOS ANGELES

EAST\53016933.1                                   -5-

material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of all the terms of this Order.  If the undesignated documents have already been filed with the Court without the confidential designation, the Designating Party may move the court for filing of the document under seal.

14.     Any party may challenge the confidentiality designation of the other party, but shall be required to maintain the confidentiality of the information unless and until a ruling issues designating that the information ought not be deemed "Confidential", or the Designating Party fails to seek a ruling on the confidentiality of the designated material.

15.     A party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with counsel for the Designating Party, pursuant to the Local Rules.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

16.     If the parties are unable to resolve their dispute regarding the confidentiality of the designated material following the meet and confer process set forth herein, the Designating Party must, pursuant to Federal Rule of Civil Procedure 26, and the rules of this Court, file and serve a motion for a protective order that identifies the material designated as confidential and affirms that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph. The Designating Party bears the burden of persuading the Court that the information is Confidential within the definition of that term set forth above. In the event a motion for protective order is filed, the Parties will comply with the requirements and procedures set forth in Local Rule 37 and will file the motion in the form of a Joint Stipulation. If the Parties, or a Party, wishes to file the Joint Stipulation under seal, the Parties may file a stipulation to that effect, or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

17. In the case of a dispute, the material designated as confidential will be deemed confidential until thirty (30) days following the start of the meet and confer process set forth herein. If the Designating Party files a motion for a protective order, the designated material maintains its confidentiality designation until the court orders otherwise. If the Designating Party fails to file a motion for a protective order following the meet and confer process, after thirty days from the start of the meet and confer process, the material is no longer considered confidential.

18. Upon written request, at the conclusion of this matter, the Parties hereby agree to promptly return all copies of all Protected Material received; or, in the alternative, such parties may shred all copies of all such Protected Material and promptly send written confirmation from the other Party that it has complied with the terms of this Stipulation. Notwithstanding, Counsel shall be able to retain a copy of confidential information that has been submitted in a pleading or marked as an exhibit in a deposition.

19. In the event this action proceeds to trial, if a Party wishes to maintain the confidential nature of any Protected Material, that Party must apply to the district judge in advance of the trial to seal any exhibits or testimony of a confidential nature, or any other Protected Material. ~~Good cause must be shown in~~

1 ~~order to secure such an order~~.  If this litigation is terminated prior to the

2 commencement of trial, the confidentiality obligations imposed by this Order shall

3 remain in effect until a Designating Party agrees otherwise in writing or a court

4 order otherwise directs, and this Court will retain and shall have jurisdiction over

5 the Parties, their attorneys and all recipients of material designated "Confidential"

6 for the enforcement of the provisions of this Order following termination of this

7 case prior to trial, and/or to terminate all or some of the provisions of this Order on

8 application by any party.

9      20.    This Order shall not preclude a party from exercising any rights or

10 raising any objections otherwise available to them under the rules of discovery and

11 evidence.

12      21.    This Order shall be binding upon the Parties to this action, the

13 attorneys for each party and upon any recipient of discovery designated as

14 "Confidential" and upon any successor, executor, personal representative,

15 administrator, heir, legal representative, assignee, subsidiaries, division, employee,

16 agent, independent contractor, or other person or legal entity over which any party

17 or attorney or recipient of documents covered by this Order may have control.

18

19 IT IS SO ORDERED, with the following caveat:  In addition to the fact that

20 different standards other than the good cause standard may apply in connection

21 with protection sought at trial, different standards may apply in connection with

22 dispositive motions.   *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d

23 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d

24 1172 (9th Cir. 2006).  Accordingly, this protective order shall not govern either at

25 trial or in connection with dispositive motions; any party seeking protection at such

26 times shall make a separate application.

27

28 Dated: November 14, 2012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hon. Ralph Zarefsky
United States Magistrate Judge

1

**EXHIBIT A**

2

3 **AGREEMENT CONCERNING MATERIAL COVERED BY
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

4

5

6          The undersigned hereby acknowledges that he or she has read the attached

7 Protective Order ("Protective Order") entered in the United States District Court for

8

9 the Central District of California, in the litigation entitled *French West, Inc. v.*

10 *Macy's Inc., et al.*, Central District Case No. CV 12-07728 GHK(RZx), and

11 understands the terms thereof and agrees to be bound by such terms.  The

12

13 undersigned further acknowledges and understands that a violation of the Protective

14 Order could be punishable as a contempt of Court.

15

16 Dated:_____          _____

17                                                                [Signature]

18                                                         _____

19                                                                [Print Name]

20

21 Executed in _____, _____.
                                    [City]                                    [State]

22

23

24

25

26

27

28